AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    3:24-mj-71569 MAG |
| JOSHUA PITTMAN | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**

Oct 31 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 28, 2024_____ in the county of _____Alameda_____ in the _____Northern_____ District of _____California_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

See attached affidavit of FBI TFO Bryan Zahn.

☑ Continued on the attached sheet.

//s//
*Complainant's signature*

Approved as to form:
AUSA *Kevin J. Barry*

FBI TFO Bryan Zahn
*Printed name and title*

Sworn to before me by telephone.

Date:  _____10/30/2024_____

*Judge's signature*

City and state:  _____San Francisco, California_____

HON. PETER H. KANG, U.S. Magsitrate Judge
*Printed name and title*

### AUSAAFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Bryan R. Zahn, Task Force Officer of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

### INTRODUCTION

1.     I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of **JOSHUA PITTMAN** for unlawfully possessing a firearm, in violation of Title 18, United States Code, Section 922(g)(1), on or about June 28, 2024, in the Northern District of California.

2.     This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant.  I have not included every fact known to me concerning this investigation.  Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3.     I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports of other law enforcement officers, information provided by video and photographic evidence, and information provided by records and databases.  I believe these sources to be reliable.  Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim.  This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.  My experience and training as a San Francisco Police Officer and Task Force Officer with the Federal Bureau of Investigation and my participation in this investigation form the basis of the opinions and conclusions set forth below.

1

**<u>AFFIANT BACKGROUND</u>**

4.      I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") and have been so employed since February 2022.  I am currently assigned to the San Francisco Safe Streets Task Force.  As a TFO with the FBI, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  I am also authorized to execute warrants issued under the authority of the United States.

5.      In my current assignment, I am responsible for investigating violations of federal criminal law, including violent crimes and the unlawful possession of firearms and ammunition.

6.      I am also employed as a police officer for the City and County of San Francisco, California, and have been so employed since June 2012.  I am currently assigned to the San Francisco Police Department ("SFPD") Community Violence Reduction Team ("CVRT") formerly known as Gang Task Force.  I investigate violations of federal law and state laws, with a focus on violent crimes and crimes committed by formal/informal organized gangs.  I have authored numerous search warrants and have executed hundreds of search warrants in the State of California related to firearm violations, shootings, homicides, assaults, and drug-related crimes.

7.      During my law enforcement career, I have been directly involved in the arrests of hundreds of suspects linked to criminal street gangs in the San Francisco Bay Area.  I have also participated in numerous homicide investigations involving members of criminal street gangs.  I have testified in California Superior Court as an expert in criminal street gangs.  I have interviewed gang members and knowledgeable confidential informants about the lifestyles, appearances, and habits of members of criminal organizations.  I have become familiar with the manner in which gangs commit criminal acts to enhance the status of their criminal enterprises

2

and to enhance the members' status within the enterprises.  I am also familiar with the manner in which criminal organizations use cellular telephone technology, social networking accounts, intentionally vague language, coded communications, slang-filled conversations, false and fictitious identities, and other means to facilitate their illegal activities and to thwart law enforcement investigations.  I have also spoken to, worked with, and gained knowledge from experienced federal, state, and local gang investigators.  In my current position as a Task Force Officer with the Federal Bureau of Investigation, I have investigated and participated in charging several federal cases involving violations of Title 18 United States Code, Section 922(g)(1) (felon in possession of a firearm), as well as other federal offenses.

## APPLICABLE STATUTE

8.      Title 18 U.S.C. § 922(g)(1) prohibits a person from (1) knowingly possessing a firearm or ammunition; (2) that has been shipped or transported from one state or another or between a foreign nation and the United States; (3) that at the time the individual possessed the firearm or ammunition, the individual had been convicted of a crime punishable by imprisonment exceeding one year (i.e., a felony); and (4) that at the time the individual possessed the firearm or ammunition, he or she knew that they had been convicted of a crime punishable by imprisonment exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

9.      On June 28, 2024, SFPD officers assigned to the Community Violence Reduction Team (CVRT) were conducting physical and electronic surveillance on Big Block criminal street gang member Joshua PITTMAN.  PITTMAN was wanted for a federal probation violation warrant issued by the U.S. District Court, Eastern District of California.  The officers knew that there was an active arrest warrant for PITTMAN.  They also knew that PITTMAN was serving a

3

term of supervised release with a condition that he was subject to a warrantless search by any law enforcement officer.

10. The United States Probation Office informed SFPD/CVRT officers that PITTMAN works at "Pierre Pierre" located at 401 13th Street in Oakland, CA. On June 28, 2024, CVRT Officers observed PITTMAN with Big Block associate Cleashawn HILL, and they observed that PITTMAN had a crossbody bag draped over his shoulder.

11. Shortly before his arrest, PITTMAN entered the driver's seat of a gray Tesla parked in front of Pierre Pierre. PITTMAN entered the vehicle with another subject who was later identified as Marquis Parker, a Page Street criminal street gang member.

12. CVRT officers then moved in to arrest PITTMAN, and as they did so, PITTMAN tossed the black crossbody bag into the backseat of the Tesla. Officers took control of the bag and located a Glock 22 pistol loaded with a high-capacity magazine.

13. A criminal history records check of PITTMAN revealed that he had previously been convicted of a felony. Based on the fact that PITTMAN had an arrest warrant for a federal probation violation, and based on the fact that a firearm was inside a cross bag that Officers saw PITTMAN throw in the backseat of the vehicle he was operating, the SFPD officers arrested PITTMAN for his federal warrant and for weapons possession charges.

14. The weapon seized from the black crossbody bag was a Glock model 22, .40 caliber pistol bearing serial number AGRN886. The frame of the firearm also had "GLOCK, INC," "SMYRNA, GA," and "MADE IN AUSTRIA" stamped on it. Research conducted on Glock, Inc. shows that it is headquartered in Symrna, Georgia, and that it manufactures complete weapons, weapon parts, and weapon accessories at its manufacturing plant located in Georgia. Additionally, I sent photographs of the firearm to Bureau of Alcohol Tobacco Firearms and Explosives (ATF) Special Agent Payton Smith. Special Agent Smith, who has testified in federal cases as an interstate nexus expert, informed me that this Glock firearm, Model 22, bearing serial number AGRN886, was manufactured outside of the State of California. Due to

4

the firearm being manufactured outside of the State of California and being recovered in Oakland, there is probable cause to believe that the Glock Model 22, serial number AGRN886, traveled in interstate commerce.

15. The SFPD Crime Laboratory conducted a DNA comparison between PITTMAN's DNA and DNA swabs taken from the Glock 22 and unfired ammunition loaded in its magazine. The DNA analysis concluded the DNA found on the Glock 22 grips supported inclusion for Joshua PITTMAN's DNA. The likelihood ratio was "452 nonillion," which the lab indicated constitutes "very strong support" for the proposition that the DNA found on the swabs from the Glock 22 included DNA from PITTMAN. With respect to the unfired .40 caliber ammunition, the DNA lab also concluded the DNA found on the ammunition also supported inclusion for PITTMAN's DNA. The likelihood ratio was "145 nonillion," which also represented "very strong support."

16. I have reviewed PITTMAN's criminal history and found that he has been convicted of multiple felonies.

17. PITTMAN has an extensive criminal history, including a 2011 conviction for discharging a firearm with gross negligence and 2013 convictions for accessory after the fact, bribing a witness, and three counts of witness intimidation. For the latter set of convictions, he received a twelve-year and eight-month prison term.

18. In November 2022, in United States District Court, Northern District of California, PITTMAN was convicted of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition, Case No. 21-CR-0251 JSW. The Honorable Judge Jeffrey White sentenced PITTMAN to 42 months in custody, and upon release from federal custody, placed PITTMAN on supervised release for three years. That supervised release term included a condition that PITTMAN be subject to search by any law enforcement officer.

5

19.    Based on the length of the prison terms he served, there is probable cause to support that before June 28, 2024, PITTMAN knew that he had been convicted of a crime punishable by more than a year in prison.

## CONCLUSION

20.    On the basis of my participation in this investigation and the information summarized above, I have probable cause to believe that on or about June 28, 2024, in the Northern District of California, JOSHUA PITTMAN knowingly possessed a firearm that had been shipped or transported from one state or another, and that at the time PITTMAN possessed the firearm, PITTMAN had been convicted of a crime punishable by imprisonment exceeding one year (i.e., a felony), and he knew that he had been convicted of such a crime, in violation of Title 18, United States Code, Section 922(g)(1).

//s//

_____

BRYAN R. ZAHN
Task Force Officer
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 30th day of October 2024.

_____

HONORABLE PETER H. KANG
United States Magistrate Judge

6