CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 24-CR-0592 JSW |
| | ) Case No. 21-CR-0251 JSW |
| Plaintiff, | ) |
| | ) **UNITED STATES' REPLY IN SUPPORT OF** |
| v. | ) **SENTENCING MEMORANDUM** |
| | ) |
| JOSHUA PITTMAN, | ) Hearing Date:  April 28, 2026 |
| | ) Hearing Time: 1:00 PM |
| Defendant. | ) |
| | ) Hon. Jeffrey S. White |
| | ) |

**INTRODUCTION**

The defendant, Joshua Pittman, has requested an evidentiary hearing as part of his sentencing memorandum. *See* ECF 40. This request is based on two disputes with the facts in the Presentence Report. The first is whether the offense level should begin at 20 based on his possession of a firearm with a high-capacity magazine. *Id.* at 8-9. The second is whether the Defendant was involved in a homicide five days before he was arrested with the firearm in this case. *Id.* at 9-10. The existence of the high-capacity magazine has not validly been contested by the Defendant, and therefore, he is not entitled to an evidentiary hearing on that issue. The second point—the Defendant's participation in a killing—is an issue the Court needs to resolve, but the Court has all of the information that exists, and the defense

offers no reason to suggest that an evidentiary hearing will be beneficial to the Court.  For these reasons, the government respectfully submits that the Court can proceed to sentencing as scheduled.

<b>LEGAL STANDARD</b>

The Court has the discretion to hold an evidentiary hearing within the context of sentencing if it determines that one will be helpful.  *United States v. Batiste*, 868 F.2d 1089, 1092 (9th Cir. 1989) ("If the district court, however, believes that it is worth taking the time to hold the hearing, we will not preclude it from doing so.") (addressing a motion to suppress).  But a defendant's demand for such a hearing does not trigger a requirement to hold one.  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (citing *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990) ("A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one.  Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required.").  Instead, the Court is well within its discretion to rely on the record before it, including facts in the Presentence Report (PSR).  *See United States v. Mercado-Moreno*, 869 F.3d 942, 955 (9th Cir. 2017) (Section 3582(c) proceeding).  The Court can base its sentence on those facts, including hearsay statements, so long as they bear "some minimal indicia of reliability."  *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (citing *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993)); *see also* U.S.S.G. § 6A1.3(a).[1]

Any factual findings under the Guidelines must be made according to the preponderance of the evidence standard.  *United States v. Lucas*, 101 F.4th 1158, 1162-63 (9th Cir. 2024) (en banc).  That standard can be met by the PSR alone.  In *United States v. Marin-Cuevas*, 147 F.3d 889 (9th Cir. 1998), the defendant objected to the district court's reliance on the existence of two prior convictions where the only evidence of those convictions was the Probation Officer's description of them in the PSR.  There were no records of the convictions because they had been purged.  *Id.* at 894.  "In this case, the *only* evidence presented by either side was the presentence report."  *Id.* at 895 (emphasis original).  The defendant objected to inclusion of the convictions, arguing "only that the government failed to provide

---

[1] "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a).

US SENTENCING REPLY                                    2
24-CR-0592 JSW; 21-CR-0251 JSW

sufficient evidence." *Id.* The Ninth Circuit held that the PSR's presentation of those convictions satisfied the preponderance standard. *Id.*

Courts have repeatedly held that uncontested facts in a PSR are a sufficient basis for sentencing. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1164 (9th Cir. 2000) ("the unchallenged PSR in this case, the only evidence before the court, is sufficient evidence of the aggravated felony even where the enhancement is severe"). With respect to challenges to such a report, the court in *Marin-Cuevas* held that a mere assertion of insufficient evidence is not enough. *Id.*, 147 F.3d at 895. The Ninth Circuit repeated this standard in *United States v. Felix*, 561 F.3d 1036 (9th Cir. 2009).

> In addition, like the defendants in *Marin-Cuevas* and *Charlesworth*, Felix offered no evidence to contradict the PSR but only argued that the government failed to sustain its burden of proof. *See Charlesworth*, 217 F.3d [1155,] 1160-61 [(9th Cir. 2000)]; *Marin-Cuevas*, 147 F.3d at 895. We conclude that the district court did not err when it relied on the PSR, the Pima County criminal history computer printout, and the probation officer's statements in determining that Felix had a prior misdemeanor conviction.

*Id.* at 1043 (footnote omitted); *see also United States v. Alvarado-Martinez*, 556 F.3d 732, 736 (9th Cir. 2009).

## ARGUMENT

### There is a Sufficient Basis to Determine a Base Offense Level of 20

The PSR calculates the Defendant's base offense level as 20 because he was a prohibited person who possessed a firearm with a high-capacity magazine. PSR ¶¶ 8, 19. In the Addendum to the PSR, the Probation Officer explains that he based this calculation on the fact that the police reports note that the firearm officers seized from the defendant when he was arrested was equipped with an extended magazine and on the fact that the Criminal Complaint states the same thing. PSR at 26, ¶ 4; ECF No. 1 at 5, ¶ 12 (Affidavit of FBI TFO Bryan Zahn in Support of Criminal Complaint) ("CVRT officers then moved in to arrest PITTMAN, and as they did so, PITTMAN tossed the black crossbody bag into the backseat of the Tesla. Officers took control of the bag and located a Glock 22 pistol loaded with a high-capacity magazine.").

In his objection to the Guidelines calculation based on the high-capacity magazine and his

request for an evidentiary hearing, the Defendant asserts that there is insufficient evidence of the magazine's nature.  The Defendant argues, "there is no evidence provided to the defense by way of picture, video tape, or similar representation that the firearm that Mr. Pittman possessed was capable of accepting a large capacity magazine . . . the only evidence presented by the government are hearsay statements claiming that the firearm was equipped with a high capacity magazine."  ECF No. 40 at 8 (Defendant's Sentencing Memorandum).  As *Marin-Cuevas* and the opinions that follow it instruct, this is an insufficient basis to contest the PSR, and the Court can rely on the PSR in determining the offense level.

The defense also notes, however, that they would consider withdrawing this objection if there is additional evidence of the high-capacity magazine.  In response to the defense's sentencing memorandum, the government requested photographs of the firearm and the magazine.  They were produced to the defense on January 22, 2026.  The one photograph that should lead the defense to withdraw the objection is reproduced below:



As shown by the "witness holes," this firearm is equipped with a magazine capable of accepting more than 15 rounds of ammunition.  *See* U.S.S.G. § 2K2.1, Application Note 2 (defining "large capacity magazine").  Thus, the base offense level of 20 is appropriate.  U.S.S.G. §  2K2.1(a)(4)(B)(i)(I).

**There is No Basis to Hold an Evidentiary Hearing**

The Defendant also requests a sentencing hearing to determine whether he is the person in the video shooting during a basketball game in Oakland on June 23, 2024.  Evidentiary hearings are appropriate to resolve disputes of fact, *Howell*, 231 F.3d at 615, or if the district court believes such a hearing will be helpful.  *Batiste*, 868 F.2d at 1092.  Here, there is certainly a dispute of fact regarding a critical issue for sentencing—*Is the Defendant the shooter in the videos?*—but an evidentiary hearing would do nothing to resolve it.

Defendant Pittman does not challenge the authenticity of the video recordings of the shooting or the bodyworn camera (BWC) footage of his arrest.  Were that the case, the Court could hear from the officers who obtained the video of the shooting or who were present at the Defendant's arrest.  That could settle whether the videos are accurate depictions of what happened.  Again, however, that is not an issue in dispute.  The Court can take the unchallenged videos and BWC stills as accurate and then determine whether Defendant Pittman resembles the shooter to the preponderance standard.  If that standard is met, the Court can take what happened on June 23, 2024, into account when imposing an appropriate sentence.

Arguably, at an evidentiary hearing, San Francisco Police Officers who are familiar with the Defendant could testify that in their opinion, he is the shooter in the video.  By the same token, the defense could call witnesses to say, "that isn't him."  But the ultimate determination is for the Court, and the Court has all the non-opinion evidence that exists.  The entirety of the evidence consists of the videos, the BWC footage, and the DNA report from the spent shell casings at the scene, a report that excludes the Defendant as a potential contributor to the DNA found on those cartridges.  These are part of the record.  There is no factual challenge to the content of videos, the BWC, or the DNA report.  An evidentiary hearing would resolve no factual dispute about that content, and it would bring no new evidence to the Court.

## CONCLUSION

For the reasons set forth above, the government respectfully submits that the Court should not hold an evidentiary hearing for the Defendant's sentencing.  Whether the firearm Defendant Pittman possessed on June 28, 2024, had a high-capacity magazine has been resolved through photographs of the firearm, and the government expects that the Defendant will withdraw that challenge.  The record before

the Court regarding whether the Defendant is the shooter outside the basketball game on June 23, 2024, is as complete as it can be.  An evidentiary hearing will resolve no factual disputes about that record and will result in no new evidence.  The Court should deny the defense request for an evidentiary hearing, and it should proceed to sentencing based on the record and the arguments already before the Court.

DATED: April 21, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Kevin J. Barry*

KEVIN J. BARRY
Assistant United States Attorney